## MUNSON v̇. FOSS.

1. **Fraud:** CONVEYANCE: EVIDENCE CONSIDERED. Evidence considered and held insufficient to establish the invalidity of a deed and mortgage on the ground of fraud and undue influence.

*Appeal from Buchanan Circuit Court.*

THURSDAY, DECEMBER 16.

ON the 2d day of August, 1878, James Jamison, by his next friend C. E. Ransier, commenced an action to cancel three notes aggregating the sum of $2,060, and a mortgage securing them, and a deed to a certain house and lot in the city of Independence, all executed by James Jamison to the defendant. The petition alleges that they were all procured by fraud, and without consideration. After the commencement of the action James Jamison died, and on the 29th day of October, 1878, his administrator, Perry Munson, was substituted as plaintiff. An amendment to the petition was filed alleging that the defendant by fraud, duress and undue influence obtained from James Jamison certain promissory notes executed by James Beatty, upon which she had recovered judgment, and asking that the judgment be declared to be the property of James Jamison. The amended petition alleges that all these notes and conveyances were procured from James Jamison while he was *non compos mentis*, and of weak and unsound mind and understanding.

On the 2d day of November, 1878, the defendant filed an answer admitting the execution of the notes, mortgage and deed, and the turning over to her of two of the Beatty notes, and denying all the other allegations of the petition.

On the 13th day of January, 1879, E. B. Older and Esther Owens, creditors of the estate of James Jamison, deceased, filed a petition asking to be made parties plaintiff, and praying the same relief asked for by the administrator. The cause was tried to the court and the plaintiff's petition was dismissed. The plaintiff appeals.

*Lake & Harmon,* for appellant.

*H. W. Holman* and *Boies & Couch,* for appellee.

DAY, J.—I. The evidence was taken by a commissioner during the months of November and December, 1878, and

1. FRAUD: conveyance: evidence considered.

January and February, 1879. On the 23d day of June, 1879, the defendant filed an amended and substituted answer, and also an answer to the petition of Older and Owens, alleging that in October, 1878, she placed in the hands of Jamison $2,000 to be loaned out, and that the notes executed and transferred to her, and the deed executed to her, were in consideration of this sum and interest.

On the 26th day of June, 1879, the evidence of the parties was filed, and on the same day the cause was submitted to the court on the pleadings and evidence, and written arguments to be furnished the court. On the 30th day of August, 1879, the plaintiff, at the time of filing his reply, filed a motion to strike from the files the amended and substituted answer, on the ground that it was filed without leave of the court, after the evidence was taken, and sets up new and affirmative matter not before pleaded. The record does not show that any action was taken upon this motion. The appellant insists that it would have been error to overrule the motion, and that if it were sustained the evidence introduced on behalf

of defendant would not be relevant to the issue. The record does not show that the answer was filed without leave. The only material affirmative matter which it sets up is the advancing of the money to Jamison. If plaintiff, because of this amendment, was not ready to go to trial, he should have moved for a continuance. The court should have overruled the motion to strike from the files the amended answer, if he did not do so.

II. It is claimed by the plaintiff that the defendant procured the notes and the conveyance from Jamison without any consideration, whilst he was incompetent to transact business from his excessive intemperance. The evidence clearly shows that Jamison, during several of the last years of his life, drank to great excess, and that when under the influence of liquor he was not competent to transact business. It is not, however, shown that he was intoxicated at the time of the transaction in question. The evidence shows that he was a lawyer of more than usual ability, and that he was intrusted with and managed a large amount of business.

As to the consideration for the notes and conveyance, there is great conflict in the testimony. We, however, unite in the opinion that the preponderance of the evidence establishes the fact that the defendant placed in his hands to be loaned for her the sum of $2,000, and that the consideration for the notes and conveyance was this sum and interest. The deceased on various occasions admitted having received this sum from the defendant. The testimony is conflicting, and not susceptible of being harmonized. An extended review of it would subserve no useful purpose. Each member of the court has separately read the evidence, and reached the conclusion that it preponderates in favor of the decree below.

AFFIRMED.